# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**KATHY DICKINSON**                                                                **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 2:17-CV-120-KS-MTP**

**BRAD HUDDLESTON,** *et al.*                                        **DEFENDANTS**

## ORDER

This is a personal injury case. Plaintiff alleges that Defendant Brad Huddleston, a tow-truck driver for Defendant United Auto Delivery and Recovery, Inc. ("UAR"), repossessed her car. She contends that Huddleston began moving the car while she was removing her personal property from it, and that the car struck and injured her. Plaintiff apparently intends to present a variety of evidence related to medical treatment after the alleged accident, but she did not designate a treating physician or other medical expert.

UAR filed a Motion in Limine [40] to exclude all testimony, records, or other evidence of (1) a bulging disc diagnosis, (2) epidural injections, (3) x-rays and MRI scans, and (4) medical treatment at Southern Bone & Joint Specialists, P.A. Defendant argues that Plaintiff can not prove a causal connection between these treatments and the alleged accident without the testimony of a treating physician or retained medical expert. In response, Plaintiff argues that she can testify that the subject medical treatments occurred after the accident and, therefore, must have been caused by the accident.

To succeed on a claim of negligence, a plaintiff must prove four elements: (1) duty, (2) breach of duty, (3) causation, and (4) damages or injury. *Thomas v. Columbia Grp., LLC*, 969 So. 2d 849, 852 (Miss. 2007) (citing *Lyle v. Mladinich*, 584 So. 2d 397, 398 (Miss. 1991)). "The defendant's wrongful conduct must be a cause in fact of plaintiff's injury before there is any liability," and "the burden is on claimant to show by a preponderance of the evidence that the person charged was the wrongful author of that cause." *Jackson v. Swinney*, 140 So. 2d 555, 557 (Miss. 1962). "Surmise and conjecture are not sufficient." *Id.* Likewise, *post hoc ergo propter hoc* arguments are not sufficient. *Id.* "In all but the simple and routine cases . . . , it is necessary to establish medical causation by expert testimony." *Cole v. Superior Coach Corp.*, 106 So. 2d 71, 72 (Miss. 1958).

Rule 701 specifically provides that a lay witness may not provide opinion testimony "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701(c). Testimony that requires scientific, technical, or other specialized knowledge must be provided by a witness qualified as an expert. FED. R. EVID. 702. Accordingly, the Fifth Circuit has held that a plaintiff, "who is not a medical expert, cannot simply offer evidence that because injuries arose after an act of negligence that act of negligence is the cause in fact for those injuries." *Patterson v. Radioshack Corp.*, 268 F. App'x 298, 302 (5th Cir. 2008); *see also McGee v. Dolgencorp*, No. 5:14-CV-90-DCB-MTP, 2016 U.S. Dist. LEXIS 141292, at *8-*9 (S.D. Miss. Oct. 12, 2016); *Welford v. Thomley*, 2012 U.S. Dist. LEXIS 111136, at *13-*15 (S.D. Miss. Aug.

8, 2012).

Here, Plaintiff designated no experts – not even her treating physician. She apparently intends to establish that Defendant caused her various ailments by presenting her medical records and testifying that she received certain treatments after the alleged accident. But Plaintiff's medical records also indicate that she had degenerative disc disease. *See* Exhibit F, *Dickinson v. Huddleston*, No. 2:17-CV-120-KS-MTP (S.D. Miss. Aug. 14, 2018), ECF No. 39-6. Without expert testimony, she can not establish medical causation for her back problems. The Court does not rule out Plaintiff's being permitted to present evidence regarding "simple and routine" injuries – such as bruising or pain following the accident. But she – a lay witness – does not possess the specialized knowledge, experience, education, or training to determine the cause of her back problems, and the records do not indicate that the subject accident caused the back problems.

The Court **grants** Defendant's Motion in Limine [39] as to any testimony, records, or other evidence of Plaintiff's (1) bulging disc diagnosis, (2) epidural injections, (3) x-rays and MRI scans, and (4) medical treatment at Southern Bone & Joint Specialists, P.A.

SO ORDERED AND ADJUDGED this 15th day of August, 2018.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

3